**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD A. GALLE** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:03CV924LG-RHW** |
| | § | |
| **MBNA AMERICA BANK** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND TO STAY PENDING ARBITRATION**

BEFORE THE COURT is the Motion of the Defendant, MBNA America Bank, to

Compel Arbitration and to Stay Pending Arbitration [38], filed on April 12, 2005.  The

Plaintiff, who is proceeding *pro se*, filed a response on April 22, 2005.  For the reasons set

forth below, the Defendant's motion should be denied.

FACTS AND PROCEDURAL HISTORY

Sometime prior to 2000, Plaintiff Richard Galle opened an account with Hancock Bank.

The Defendant, MBNA America Bank, purchased a number of accounts, including Galle's

account, from Hancock Bank effective March 10, 2000.  On May 18, 2000, MBNA mailed a

notice to Galle informing him of the transfer of ownership of his account to MBNA, and of

changes in the terms of his account.  The notice stated that the amended terms of the account

included an arbitration agreement.  The notice stated that the arbitration provision will be

effective July 17, 2000.  The notice advised that to opt out of the arbitration agreement, the

account holder would need to contact MBNA in writing by June 16, 2000.  The notice mailed

to Galle was not returned to MBNA, and MBNA did not receive an "opt out" notice from

Galle.

Galle contends that he was not aware of the transfer of ownership of his Hancock Bank

account.  Galle denies receiving any notification from MBNA concerning changes to the

account.  According to Galle, his first knowledge about the MBNA account was in November

2002 when Asset Acquisition contacted him regarding a "charged off" account that Asset

Acquisition had purchased from MBNA.  Asset Acquisition was attempting to collect on the

account.  Galle later realized that the charged-off MBNA account was reflected on his credit

report with all three credit reporting agencies.  Galle filed his complaint in this Court alleging

numerous causes of action, including violations of the Fair Credit Reporting Act and the Truth

in Lending Act, among others.

On April 12, 2005, MBNA moved to compel arbitration.  According to MBNA, this

case is governed by an arbitration provision.

IS MBNA ENTITLED TO AN ORDER COMPELLING ARBITRATION?

The court must apply the following analysis to determine whether the parties must

submit to arbitration:

> Courts conduct a two-step inquiry when deciding whether parties must submit to
> arbitration. *See Webb v. Investacorp, Inc.,* 89 F.3d 252, 257-58 (5th Cir.1996).  The first
> step is to decide whether the parties agreed to arbitrate their dispute. *See id.* at 258.
> "This determination involves two considerations: (1) whether there is a valid agreement
> to arbitrate between the parties; and (2) whether the dispute in question falls within the
> scope of that arbitration agreement." *Id.* To resolve these issues, "courts generally ...
> should apply ordinary state-law principles that govern the formation of contracts." *Id.*
> (*quoting First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920,
> 1924, 131 L.Ed.2d 985 (1995)). Once a court determines that the parties agreed to
> arbitrate, the court must assess " 'whether legal constraints external to the parties'
> agreement foreclosed the arbitration of those claims.' " *Id.* (*quoting Mitsubishi Motors
> Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d
> 444 (1985)).

*OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001).  "[T]he

parties' intentions control.'"  *McKee v. Home Buyers Warranty Corp.*, 45 F.3d 981, 984 (5th Cir.

2

1995), *quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985).  However, "'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration.'"  *McKee*, 45 F.3d at 984, *quoting Volt Info. Sciences, Inc. v. Stanford Univ.*, 489 U.S. 468, 475-76, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488 (1989).

*Is there a valid agreement to arbitrate between the parties?*

The Court must first determine whether there is a valid agreement to arbitrate between the parties.  According to MBNA, a valid agreement to arbitrate exists between the parties because Galle failed to opt out of the arbitration provision.  Galle, on the other hand, denies receiving the notice regarding the changes to his account.

In *Union Planters Bank, N.A. v. Rogers*, 912 So.2d 116, 119 (Miss. 2005), the Rogerses had accounts with several banks that later merged with Union Planters.  The original signature cards for the accounts did not include agreements to arbitrate.  After the merger, Union Planters sent various notices to its customers indicating that by signing a signature card and by continuing to use the accounts, the account holders agreed to be bound by an arbitration agreement.  The Mississippi Supreme Court disagreed.  The court found "no evidence that either of the Rogerses voluntarily and knowingly waived their right to access to the courts." *Rogers*, 912 So.2d at 119.  The court held that the arbitration clause was unenforceable "because Rogers did not execute a new signature card after Union Planters bought out the various banks." *Rogers*, at 120.  The court reasoned as follows:

Submitting to arbitration means giving up the right to file a lawsuit in a court of

competent jurisdiction. Waiving that right requires more than implied consent:

> Waiver presupposes full knowledge of a right existing, and an intentional surrender or relinquishment of that right. It contemplates something done designedly or knowingly, which modifies or changes existing rights or varies or changes the terms and conditions of a contract. It is the voluntary surrender of a right. To establish a waiver, there must be shown an act or omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right alleged to have been waived.

*Rogers*, at 119 (Miss. 2005), *quoting Ewing v. Adams,* 573 So.2d 1364, 1369 (Miss.1990).

Like the Rogerses, Galle did not sign an agreement with MBNA after his account was transferred. Thus, there is no evidence that Galle voluntarily and knowingly waived his right to access to the courts. For this reason, the arbitration provision is unenforceable. The Defendant's motion must therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion of the Defendant, MBNA America Bank, to Compel Arbitration and to Stay Pending Arbitration [38] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE